

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2005

# USA v. Ibrocevic

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1496

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Ibrocevic" (2005). *2005 Decisions.* Paper 1421.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1421

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1496
_____

UNITED STATES OF AMERICA

v.

CAMIL IBROCEVIC,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00333)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2005

Before:  RENDELL and FISHER, *Circuit Judges,* and YOHN,[*] *District Judge.*

(Filed:   March 29, 2005)
_____

OPINION OF THE COURT
_____

_____

[*]The Honorable William H. Yohn, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

The parties are familiar with the facts, which we recite only to the extent necessary to the disposition of this appeal of the judgment below, which we will affirm. A jury convicted appellant Camil Ibrocevic based on an indictment alleging that he had used more than one access device in violation of 18 U.S.C. § 1029(a)(5) and (b)(1).

Ibrocevic first argues that because the indictment did not mention aiding and abetting liability under 18 U.S.C. § 2, the District Court erred in instructing the jury that he could be convicted as an aider/abettor. This argument is without merit, as federal courts have long held that a jury may be instructed concerning aiding and abetting even if the indictment does not explicitly charge aiding and abetting under 18 U.S.C. § 2. See, e.g., United States v. Bryan, 483 F.2d 88, 95 (3d Cir. 1973) (*en banc*); see also United States v. Sorells, 145 F.3d 744, 752 (5th Cir. 1998).

Second, Ibrocevic argues that the District Court abused its discretion in holding that the government was not obliged under Fed. R. Crim. Proc. 16 to turn over to the defense the hand-written notes of a Secret Service agent detailing a post-arrest confession and interview with the defendant. The District Court found that the notes had been lost following a series of office moves after the Secret Service's office in the World Trade Center was destroyed on September 11, 2001. The government did, however, hand over a copy of a final report done by the agent and indicated that it would have handed over the notes if they could have been located.

2

The District Court concluded that the government's obligation extended only to handing over information regarding the *substance* of the conversation under Fed. R. Crim. P. 16(a)(1)(A) rather than to turning over the actual notes under Rule 16(a)(1)(B)(ii). Ibrocevic, for his part, argues that it is not enough to turn over a summary of the conversation where a written record of the conversation exists, pointing to the fact that Rule 16(a)(1)(B)(ii) requires that the government turn over upon request "the *portion* of any written record containing the substance of any relevant oral statement" he made in response to interrogation by the Secret Service agent.

Even assuming that Ibrocevic is correct, we find any error to be harmless. There was considerable evidence of Ibrocevic's guilt and he was given a copy of the agent's final report which the agent testified contained everything in her notes. Moreover, there is no evidence that the government acted in bad faith. See United States v. Ramos, 27 F.3d 65, 72 (3d Cir. 1994) (officers acted in good faith in destroying interview notes); United States v. Ammar, 714 F.2d 238, 259-60 (3d Cir. 1983) (any error in destruction of notes was harmless where drafts and reports were "substantially identical").

Third, Ibrocevic argues that the evidence was insufficient to convict him of using more than one access device in violation of 18 U.S.C. § 1029(a)(5) and (b)(1).[1] We

---

[1]The indictment alleged that Ibrocevic "knowingly, wilfully, and with intent to defraud attempt[ing] to effect transactions with *more than one* access device issued to another person, in a manner affecting interstate commerce, to receive things of value aggregating more than $1,000 during a one-year period" in violation of 18 U.S.C. § 1029(a)(5) and (b)(1)." (Emphasis added.) Although the underlying statute refers to

3

disagree.  The direct evidence showed that at 8:56 p.m. on April 18, 2002, Ibrocevic fraudulently attempted to use a credit card belonging to a third party at Harrah's Hotel and Casino in New Jersey.  At that time, Ibrocevic presented a fake Florida driver's license with his picture in the name of the third party.

After Ibrocevic's initial arrest by state authorities, a wallet was found in a restroom containing 14 additional credit cards belonging to the third party and nine other persons, along with nine other fake Florida driver's licenses in those names with Ibrocevic's picture.  Other evidence showed that between 8:00 to 9:00 p.m. that night, somebody had attempted to use several of these credit cards.  Some attempts were declined as the cards had been reported as lost.  Ibrocevic, for his part, admitted that he had worked together with a man named "Sonny" with whom he would split the money.  "Sonny" would steal credit cards from New York City gyms, make false identifications with Ibrocevic's image in the relevant names, and Ibrocevic would obtain cash advance with the cards.  Further, Ibrocevic expressly admitted to using multiple credit cards.

Despite this significant direct and circumstantial evidence, and despite conceding that circumstantial evidence merits weight equal to direct evidence, App. Br. at 28, Ibrocevic complains that two of the attempted transactions occurred on the morning after his initial arrest when he was in police custody.  He thus suggests that since direct

"1 or more access devices" rather than "more than one" device, we accept for purposes of this appeal Ibrocevic's contention that for his conviction to stand, the evidence must comport with the indictment's requirement of multiple access devices.

4

evidence only shows use of one credit card, and since several of the credit cards were used after his arrest, that he was responsible for none of the other transactions. But Ibrocevic ignores the fact that after conviction, we must affirm where the evidence, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict. In making this inquiry, we draw all reasonable inferences in the government's favor and credit only evidence that supports the verdict. United States v. Perez, 280 F.3d 318, 342 (3d Cir. 2002). Here, there was ample evidence of Ibrocevic's guilt.

Finally, defendant raises sentencing issues arising from the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), which the Supreme Court subsequently addressed in United States v. Booker, 125 S. Ct. 738 (2005). Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with Booker.